*892 MEMORANDUM **
Felix Hernandez-C astillo appeals from the district court’s denial of two motions to suppress statements allegedly made in violation of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Castillo first contends he was in custody when he admitted to police that he owned everything in the car he was driving. He made the admission shortly before police conducted a consensual search of the vehicle and discovered 15 kilos of cocaine in the trunk. Because he did not raise this Miranda claim before the district court, we review for plain error. See Fed.R.Crim.P. 52(b); United States v. Whitehead, 200 F.3d 634, 638 (9th Cir.2000).
The district court did not plainly err in determining that, under the totality of the circumstances, Castillo was not in custody during the initial portion of the encounter. See Berkemer v. McCarty, 468 U.S. 420, 436-42, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); United States v. Galindo-Gallegos, 244 F.3d 728, 729-32 (9th Cir.2001). The detective did not use threatening language; the stop occurred in a truck stop parking lot; Castillo was not handcuffed, placed in the police car, or otherwise physically detained; the detention was brief; and the detective did not confront Castillo with evidence of guilt of a drug charge until a search of the car revealed the drugs. See United States v. Hayden, 260 F.3d 1062, 1066 (9th Cir.2001) (discussing factors relevant to determining whether defendant is in custody for purposes of Miranda). At the time he admitted to ownership of everything in the car, a reasonable person in Castillo’s position would not have felt his “freedom of action [was] curtailed to a ‘degree associated with formal arrest.’ ” See Berkemer, 468 U.S. at 442, 104 S.Ct. 3138 (citing California v. Beheler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam)).
Moreover, any error in admitting the statement was harmless. See United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1047 (9th Cir.1990). Even if Castillo’s statement had been suppressed, the prosecution presented sufficient additional evidence for a reasonable factfinder to conclude Castillo knowingly possessed the cocaine.
.Second, Castillo challenges admission of statements he made to detectives at the police station. He properly raised this claim before the district court. Therefore, we review de novo whether the district court erred in admitting the statements, and review the underlying factual findings for clear error. United States v. Narvaez-Gomez, 489 F.3d 970, 973 (9th Cir.2007).
Though Castillo initially invoked his right to counsel, his statements were not elicited in violation of Miranda because he initiated further conversations with the police. See Smith v. Illinois, 469 U.S. 91, 95, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984); Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378. (1981). Castillo’s questions to the transport officer constituted initiation of an exchange. See Oregon v. Bradshaw, 462 U.S. 1039, 1042, 1044, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). The officer gave a curt response, which did not amount to interrogation. Then, upon arriving at the station, Castillo explicitly said he wished to talk to the detectives. Before eliciting any incriminating statements, the detectives *893 twice read Castillo his Miranda rights. The facts and circumstances in this case indicate Castillo understood his rights and knowingly and intelligently waived them. See Edwards, 451 U.S. at 484, 101 S.Ct. 1880.
Finally, Castillo’s purported psychological susceptibility to influence and suggestion did not affect the voluntariness of his waiver, and is irrelevant to whether his waiver was knowing and intelligent. Colorado v. Connelly, 479 U.S. 157, 170, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The district court properly denied Castillo’s motions to suppress his statements.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.